914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karen HARRISON, Defendant-Appellant.
 No. 90-5615.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Sept. 21, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CR-89-137).
 Claudia W. Bentley, Bowles, Rice, Mcdavid, Graff & Love, Martinsburg, W. Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W. Va., for appellee.
 N.D.W.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Karen Harrison pleaded guilty in the United States District Court for the Northern District of West Virginia to one count of distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). She argues that the sentencing judge did not adequately take account of her remorse and acceptance of responsibility in sentencing her to eighty-six months confinement. We conclude that the court's sentencing decision is not appealable.
 
 
 2
 Harrison does not dispute that the base offense level is appropriate for the amount of cocaine involved. Her sentence also reflected a two-level reduction for acceptance of responsibility, the maximum reduction allowed under Sec. 3E1.1 of the United States Sentencing Commission Guidelines. Harrison's extensive criminal history resulted in a rating of IV in the criminal history category. These parameters under the sentencing guidelines produced a range of seventy-six to ninety-six months. Harrison's sentence lies squarely in the middle of that range.
 
 
 3
 Under 18 U.S.C. Sec. 3742(a), a defendant can appeal a sentence if it was: imposed in violation of the law; the result of incorrect application of the Guidelines; greater than the maximum in the Guidelines range; or imposed for an offense for which no sentencing guideline exists and was plainly unreasonable. Harrison argues none of these grounds, nor does she dispute the facts on which the presentence report was based. Instead, she asserts that the judge should have imposed a sentence from the lower half of the sentencing range rather than from the middle. Section 3742(a), however, does not authorize such an appeal. In United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.1990), this court held that Sec. 3742(a) did not authorize an appeal from a court's refusal to depart downward from the guideline range. It likewise does not authorize an appeal from a court's refusal to impose a lesser sentence within the same guideline range. The appeal is therefore
 
 
 4
 DISMISSED.